UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMIEN CHERELLE FLEMING,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL TEL*LINK CORPORATION,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:16-cv-00884<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes JAMIEN CHERELLE FLEMING ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of GLOBAL TEL*LINK CORPORATION ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4.  Plaintiff is a 32 year old natural person who currently resides at 923 West Oak Street, South Bend, Indiana, which falls within the Northern District of Indiana.

5.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6.  Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

7.  Defendant is a leading provider of inmate telephone, communications and payment systems. Defendant's principal place of business and headquarters is located at 12021 Sunset Hills Road, Suite 100, Reston, Virginia. Defendant is engaged in the business of offering jail phone services for family and friends of inmates across the country, including in Indiana.

8.  Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

9.  Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

10.  Defendant's solicitation calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

11.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## **FACTS SUPPORTING CAUSES OF ACTION**

12. Plaintiff opened an account with Defendant to obtain a telephone calling card. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

13. In October 2016, Plaintiff received calls from Defendant to her cellular phone, (219) XXX-3781, soliciting her to purchase additional minutes for her calling card. *See* Exhibit A.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 3781. Plaintiff is and has always been financially responsible for the cellular phone and its services.

15. The phone number that Defendant most often uses to contact Plaintiff is (800) 483-8314. *Id.*

16. Upon information and belief, the aforementioned phone number is regularly used by Defendant to contact consumers during its solicitation activities.

17. When Plaintiff answers calls from Defendant, she is typically greeted with a pre-recorded message before a live representative comes on the line. *Id.*

18. On other occasions when Plaintiff answers calls from Defendant, she experiences a brief pause, several seconds in length, before a live person begins speaking. *Id.*

19. Upon speaking with one of Defendant's representatives, Plaintiff notified that person that that she was no longer interested in its services and demanded that it stop contacting her. *Id.*

20. Despite these requests, Defendant has continued to call Plaintiff on a regular basis up until the date of the filing of the instant action. *Id.*

21. Plaintiff has continually reiterated to Defendant that she does not wish to be contacted. *Id.*

22. Plaintiff has received no less than 18 calls from Defendant after asking it to stop. *Id.*

23. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting expenses.

24. Seeking to stop the calls from Defendant, Plaintiff has expended money purchasing and maintaining an application on her cellular phone to block its numbers. *Id.*

25. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

26. Plaintiff has suffered financial loss as a result of Defendant's conduct.

27. Plaintiff has been unfairly harassed by Defendant's actions, resulting instress.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The recorded message that Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS is being used. Similarly, the brief pause that Plaintiff experiences before being connected to a live representative is also indicative of an ATDS.  Lastly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

32. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS after Plaintiff revoked consent.  Even if Plaintiff *may* have consented to receive solicitation calls from Defendant through means of an ATDS, such permission was explicitly rescinded by her demands to cease contact.

33. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).  Defendant willfully acted in defiance of a long string of demands by Plaintiff to cease its conduct.

WHEREFORE, Plaintiff, JAMIEN CHERELLE FLEMING, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation efforts towards Plaintiff.

37. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

38. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff.  Through systematic and frequent solicitation attempts, Defendant has used an ATDS to relentlessly contact Plaintiff.  Defendant was specifically notified by Plaintiff on a number of occasions that she was no longer interested its services and to cease calling.  Defendant consciously ignored Plaintiff's demands in an abusive attempt to solicit business from her.

39. In violating the TCPA, Defendant engaged in illegal and fraudulent behavior during its solicitation efforts towards Plaintiff.   Defendant intended that Plaintiff rely on its illegal behavior.  The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

40. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

41. Defendant's conduct is part of a purposeful and systematic scheme to illegally contact unsophisticated consumers who may not be aware of their rights. Defendant continued to call Plaintiff's cellular phone even after being notified multiple times that she did not want to be contacted. Calling an individual's phone on a near-daily basis and no less than 18 times overall, is purposeful conduct. This behavior exhibited by Defendant is an incurable deceptive act for which notice evidently does not remedy.

42. As pled in paragraphs 22 through 28, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, JAMIEN CHERELLE FLEMING, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 20, 2016                    Respectfully submitted,

                                            s/ Nathan C. Volheim
                                            Nathan C. Volheim, Esq. #6302103
                                            Admitted in the Northern District of Indiana
                                            Sulaiman Law Group, Ltd.
                                            900 Jorie Boulevard, Suite 150
                                            Oak Brook, Illinois 60523
                                            (630) 575-8181 x113 (phone)
                                            (630) 575-8188 (fax)
                                            nvolheim@sulaimanlaw.com

7